## Stevenson Trust

*Thomas A. Donahoe*, for accountant.

*Mott Peck*, for Harold F. Stevenson, claimant.

BRADY, P. J., March 26, 1952.—When this case came before us on the audit of the second and final account of the South Side Bank and Trust Company, of Scranton, Pa., trustee in the voluntary express trust created by Emily Miller Stevenson, since deceased, we were asked to interpret certain provisions of the trust instrument. The trust was created January 10, 1931, the income from which was to be paid to settlor and such part of the principal as was necessary and after the death of settlor the trust instrument provides "then all the property held in said trust shall be divided and distributed by the trustees to and among the sons and daughters of the party of the first part then living and to the heirs of such of them as shall die leaving heirs; that is, one share to each of said sons or daughters then living and one share to the heirs

of such son or daughter who shall then be dead leaving heirs, such latter to be per stirpes, . . ."

Settlor died February 25, 1938, and the term of the trust was fixed therein at 10 years, which has expired.

From the petition for distribution it appears that the beneficiaries now living are: Harold F. Stevenson, a son; Ruth Stevenson, a daughter; heirs of Robert L. Stevenson, a deceased son, whose heirs are Dorothy Stevenson, widow; Robert Stevenson, Jr.; Dophney Stevenson Sullivan, and Thomas Sullivan; the entire interest of the children of Robert Stevenson having been assigned to Harold Stevenson.

Heirs of Edwin Stevenson, viz.: Catherine Stevenson Carpenter, widow; Richard Stevenson, son; W. W. Stevenson, son, and Edward W. Stevenson, Jr., son.

Heirs of Joseph Stevenson, son of Settlor, viz.: Gertrude Stevenson, widow; Mary Stevenson Latour, daughter; George Stevenson; James Stevenson (interest assigned to South Side Bank and Trust Company in payment of note).

Heirs of Helen Stevenson, a deceased daughter of settlor, viz.: Oswald Frederick Struach, husband, and William Struach, son. The petition for distribution sets forth that "the entire distributive share of Oswald Strauch and William Strauch, heirs of Helen Strauch, was applied by the trustee to the payment of two (2) mortgages owned by the trust and covering the property of Helen Strauch and husband, Oswald Frederick Strauch".

Harold F. Stevenson, surviving son of settlor, loaned money to the three children of Robert L. Stevenson, deceased son of the settlor, viz.: Robert Stevenson, Jr., Dophney Stevenson Sullivan and Thomas Sullivan. Dorothy Stevenson, widow of Robert L. Stevenson, deceased, is listed in the petition for distribution as an heir. Harold F. Stevenson, assignee of the widow's three children above named, objects to her

participating in any of the funds for distribution, alleging that if she is allowed to share in the funds it will diminish the amount coming to her children and defeat his chances of getting the full amount due him on the assignments given him as security for the money he loaned the children. The basis of his objection is that the widow is excluded from sharing in the fund because distribution is to be made per stirpes under the terms of the trust agreement.

Our problem is to determine whether the per stirpes provision in the trust instrument precludes the widows of settlors' deceased sons from participating in the distribution of the funds of the estate.

Words and Phrases, vol. 32, at page 461, says that: "Per stirpes means by or according to stock or root; by right of representation." Webster's Dictionary defines it as stem, stock, the person from whom a family is descended. I think it would be safe in hazarding the suggestion that it would be anomalous to say that a daughter-in-law "roots" or "stems" from a mother-in-law.

No Pennsylvania cases have been given us by counsel representing the parties nor have we been able to find any that pinpoints a solution of the problem before us. The Act of April 24, 1947, P. L. 89, 20 PS §180.14, provides:

"A devise or bequest of real or personal estate, whether directly or in trust, to the testator's or another designated person's 'heirs' or 'next of kin', or 'relatives' or 'family' or to 'the persons thereunto entitled under the intestate laws' or to persons described by words of similar import, shall mean those persons, including the *spouse*, who would take under the intestate laws if the testator or other designated person were to die intestate at the time when such class is to be ascertained. . . ."

In re Moffitt's Will, 12 N. Y. S. (2d), at page 909, it was held:

"The question regarding who constitute heirs of a life tenant entitled to the remainder of testamentary trust must be determined as of the time of life tenant's death.

"Where testator by will dated June 18, 1928, provided that on daughter's death remainder of trust was given to the heirs of testator's daughter per stirpes, testator died in June, 1935, and daughter died in November, 1938, leaving her husband surviving and four children, all of whom were living at time of execution of will, statute which became effective in March, 1938, conferring benefits on surviving spouse, did not apply to the case, since the will itself comes within the meaning of the exception expressed therein. . . .

"Where husband by will dated June 18, 1928, provided that on daughter's death remainder of trust was given to heirs of daughter 'per stirpes' . . . daughter died . . . leaving her surviving her husband and four children, the husband was not entitled to share in the distribution of the remainder of the trust, since the words 'per stirpes' contemplate blood relatives and mean 'go to the nearest stock, or go back to the nearest stock', which would exclude a son-in-law or other relative not of the blood" (syllabi).

In the enactment of statutes conferring benefits upon a surviving spouse it was not the intention of the legislature to thwart or override the expressed or implied intention of testator, and we think that by the use of the words "per stirpes" settlor expressed an intention that her estate should "go to the nearest stock, or go back to the nearest stock". And when settlor used the words:

"All the property held in said trust shall be divided and distributed by the trustees to and among the sons

and daughters of the party of first part then living and to the heirs of such of them as shall die leaving heirs . . . such latter to take per stirpes" that she was thinking who might be the potential heirs by blood upon her death.

We conclude and so find that the words "per stirpes" contemplate blood relatives, and mean "go to the nearest stock or go back to the nearest stock" which would exclude daughters-in-law or other relatives not of the blood.

And now, March 26, 1952, if no exceptions are filed to our conclusions herein within 10 days from the date hereof the accountant is directed to prepare and submit for approval a suggested schedule for distribution in accordance with our findings.